UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**KELLY BLAIR,**

               Case No. 3:07-CV-056

   **Plaintiff,**

               Judge Thomas M. Rose

**-v-**

**BOARD OF TRUSTEES OF
SUGARCREEK TOWNSHIP, et al.,**

   **Defendants.**

---

**ENTRY AND ORDER OVERRULING DEFENDANTS' MOTION TO STRIKE (Doc. #44) AND OVERRULING BLAIR'S MOTION FOR RECONSIDERATION (Doc. #43)**

---

   This matter arises from the employment and subsequent termination of Plaintiff Kelly Blair ("Blair") by Defendant Board of Trustees of Sugarcreek Township (the "Trustees"). Nadine Daugherty ("Daugherty"), one of the Sugarcreek Trustees is also named as a Defendant along with Sugarcreek Township Administrator Barry Tiffany ("Tiffany").

   Now before the Court is Blair's Motion for Reconsideration of this Court's decision on summary judgment regarding Blair's defamation claim. (Doc. #43.) The Defendants have responded to this Motion with a Motion To Strike (doc. #44) and a Memorandum In Opposition (doc. #45). Both the Motion for Reconsideration and the Motion To Strike are now fully briefed and ripe for decision.

**PROCEDURAL SUMMARY**

   Following the termination of his employment as Police Constable and Chief of Police of Sugarcreek Township, Blair filed an administrative appeal in the Court of Common Pleas of Greene County, Ohio. He then filed this case in federal court. The status of each of these two

actions follows.

## Administrative Appeal

Blair's Amended Notice of Administrative Appeal was filed on September 27, 2006. As a result, the Court of Common Pleas of Greene County, Ohio determined that Blair was properly terminated as Chief of Police but he was not properly terminated as Police Constable because the Trustees did not file written charges against Blair and did not provide for a hearing before discharge. The Trustee's decision to terminate Blair was reversed and Blair was reinstated to the Police Constable position. On March 3, 2008, the Defendants appealed the Common Pleas Court's decision. This appeal remains pending.

## Federal Lawsuit

On January 16, 2007, Blair filed a Complaint in the Common Pleas Court of Greene County, Ohio, which was removed to this Court by the Defendants on February 16, 2007. Blair's federal Complaint sets forth four causes of action. In the First Cause of Action, Blair alleges that his procedural due process rights were violated when he was terminated as a Police Constable by the Township. In the Second Cause of Action, Blair alleges that his procedural due process rights were violated when he was terminated as Sugarcreek Township Police Chief.  In the Third Cause of Action, Blair alleges that his procedural due process rights were violated when Township officials made false and misleading statements to the media in connection with his termination which harmed his reputation. Blair's Fourth Cause of Action is against Tiffany and Daugherty for defamation.

On January 11, 2008, the Defendants filed a Motion for Summary Judgment (doc. #25). As a result, this Court granted summary judgment to the Defendants on Blair's Second, Third

-2-

and Fourth Causes of Action. (Doc. #40.) Relevant to the issue now before the Court, summary judgment was granted to Defendants on Blair's Fourth Cause of Action for defamation because he did not plead or present evidence of special damages, one of the requirements of Blair's Ohio defamation claim. Further action on Blair's First Cause of Action is stayed pursuant to the *Pullman* Abstention Doctrine pending action by Ohio courts on Defendants' appeal of the state court decision.

## MOTION TO STRIKE

The Defendants argue that Blair's Motion for Reconsideration should be struck because it was untimely filed. Blair responds that his Motion for Reconsideration should not be struck because he was not able to address the question of special damages in his memorandum opposing summary judgment because this issue was first raised in Defendants' reply memorandum. Blair also responds that his Motion for Reconsideration should not be struck because "the sixty days between the entry of the order at issue and the filing of Plaintiff's motion for reconsideration is a reasonable time given the complexity of the issues in the case at bar" and because this case has been stayed.

Blair does not cite a procedural basis for his Motion To Reconsider. The Federal Rules of Civil Procedure provide for motions to reconsider judgments but they do not specifically provide for motions to reconsider interlocutory orders. Fed. R. Civ. P. 59(e), 60(b).

An interlocutory order is one that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties. *See Harrington v. Ohio Wesleyan University*, No. 2:05-cv-249, 2008 WL 163614 at *1 (S.D. Ohio Jan. 16, 2008); Fed. R. Civ. P. 54(b). For example, a partial grant of summary judgment is an interlocutory order. *Leelanau Wine Cellars*

*Ltd. v. Black and Red, Inc.*, 118 Fed. Appx. 942, 945-46 (6th Cir. 2004).

A judgment is defined as "a decree and any order from which an appeal lies." *Phillips v. Teamsters Local Union No. 957*, No. 3-:05-CV-292, 2007 WL 397011 at *1 (S.D. Ohio Jan. 31, 2007); Fed. R. Civ. P. 54(a). Thus the word judgment encompasses final judgments and appealable interlocutory orders. *Id.*(citing *Financial Services Corp. of the Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985)).

The Defendants argue that Blair's Motion To Reconsider should be construed as a motion to alter or amend judgment under Rule 59(e).[1] However, since the order that Blair wishes the Court to reconsider adjudicates fewer than all of the claims, entails a partial grant of summary judgment, and is not immediately appealable, it is an interlocutory order. As a result, there is no procedural basis for its consideration and Rule 59(e), for example, does not apply. Since Rule 59(e) does not apply, the ten-day time limit set forth in Rule 59(e) also does not apply and Blair's Motion for Consideration will not be struck on the basis that it was not timely filed.

However, the Court must still decide whether to strike Blair's Motion To Reconsider and has significant discretion in doing so without the strictures of the Federal Rules of Civil procedure, Rule 59(e) in particular. *Leelanau Wine Cellars*, 118 Fed. Appx. at 945-46; *Russell v. GTE Government Systems Corp.*, 141 Fed. Appx. 429, 436 (6th Cir. 2005); *Harrington*, 2008 WL 163614 at * 2. In this case, the Court, in its discretion, questions the timeliness of Blair's

---

[1]In *Playa Marel v. LKS Acquisitions*, this Court determined, possibly incorrectly, that the motion for reconsideration of an interlocutory order was to be considered under Rule 59(e) and denied the motion because it was not filed within the ten-day period following entry of judgment. 2007 WL 3342439. However, this Court went on to consider the motion and additionally overruled it on its merits.

filing of his Motion for Reconsideration.

Blair argues that his Motion for Reconsideration was timely filed because he was not able to address the controlling question of special damages in his memorandum opposing summary judgment. Blair also argues that sixty (60) days between the entry of the order at issue and the filing of his Motion for Reconsideration is a reasonable time given the complexity of the issues and given that this matter has been stayed.

Both of the reasons given by Blair's counsel are completely without merit and pitiable. Defendants Reply to their Motion for Summary Judgment was filed on February 15, 2008. It is this Reply that allegedly includes the new issues that Blair "was not able to address." The Court's Entry and Order, the one that Blair now wants the Court to reconsider, was docketed over three months later on May 22, 2008. During this three months, Blair's counsel did not seek leave of Court to file a sur-reply. Yet, Blair's counsel was surely aware of the availability of a sur-reply mechanism because, on April 2, 2008, he requested and was granted leave to file a sur-reply on a different motion. (Doc. #37.) Therefore, Blair can hardly be heard to say that he was not able to address the controlling question of special damages regarding his defamation claim.

Blair's counsel next argues that sixty (60) days following entry of this Court's order on May 22, 2008, granting summary judgment on his defamation claim is a reasonable time for filing his Motion for Reconsideration given the "complexity of the issues." However, this too is disingenuous at best. The only issue is special damages with regard to a defamation claim. This defamation claim was initially filed on January 16, 2007. The expert's report that Blair has now submitted in support of his special damages is dated August 21, 2007. As a result, there is no argument in Blair's six page Motion for Reconsideration regarding only special damages that is

-5-

complicated or that could not have been made much sooner.

Blair's counsel's final argument is that sixty (60) days between entry of this Court's Order and the filing of Blair's Motion for Reconsideration is "effectively insignificant" because this matter has been stayed. However, this argument is unavailing, in addition to being pitiable. This matter has certainly been stayed since May 22, 2008 while awaiting action by the Ohio Court of Appeals. While Blair's counsel may be able to predict when the Ohio Court of Appeals will rule, this Court is not able to do so. Further, this Court has the inherent power and mandate to manage its congested docket and Blair's counsel does not. Blair's counsel is not free to select and decide when it is convenient for him to file a motion for reconsideration just because the matter is stayed.

The Court has been given ample reason by Blair's counsel's actions on this issue to strike Blair's Motion for Reconsideration. However, to do so would possibly harm Blair and this Court prefers to adjudicate matters on their merits even though counsels' actions sometimes make adjudication on the merits difficult, if not impossible. Giving deference to a strong belief in adjudicating matters on the merits, Blair's Motion for Reconsideration will be considered. Defendants' Motion To Strike is OVERRULED.

## MOTION FOR RECONSIDERATION

Blair argues that the portion of this Court's Entry and Order that granted summary judgment on his defamation claim should be reconsidered because he plead special damages in his Complaint and because he has evidence of special damages which he has not heretofore had the opportunity to present. The Defendants respond that Blair has not pointed to any sufficient basis for reconsideration.

Motions for reconsideration are extraordinary in nature and, because they run contrary to notions of finality, should be discouraged. *Playa Marel v. LKS Acquistions*, No. C-3-06-366, 2007 WL 3342439 at *1 (S.D. Ohio Nov. 6, 2007). Further, motions for reconsideration of interlocutory orders are not intended to be used to relitigate issues previously considered. *Harrington*, 2008 WL 163614 at * 2. Courts traditionally reconsider interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available[2]; or (3) a need to correct a clear error or prevent manifest injustice. *Id.*

In this case, Blair does not identify an intervening change of controlling law nor does he identify any new evidence. Further, although he is essentially attempting to relitigate this Court's previous Entry and Order, he is attempting to do so with evidence that was not previously available to the Court. If the new evidence can be considered, doing so would not be relitigation of issues previously considered. That leaves a need to correct a clear error or prevent manifest injustice as a possible reason for reconsideration. Therefore, the Court must determine if there has been clear error or a manifest injustice.

Because Defendants argue that Blair has not pled special damages in accordance with Fed. R. Civ. P. 9(g) and is required to do so, this analysis begins with the Complaint. Paragraph 74 of the Complaint alleges, "[a]s a direct and proximate result of the Defendants' defamation, Plaintiff has sustained damage to his reputation, been exposed to public ridicule, and has impacted his ability to seek further employment." (Doc. #3.) Paragraph 77 alleges, "[a]s a direct and proximate result of the defamation, Plaintiff has been damaged." Finally, ¶ D of Blair's

---

[2]Newly discovered evidence is evidence that was not previously available. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. Appx. 817, 823 (6th Cir. 2008).

Complaint prays "[f]or all other relief either at law, equity or by extraordinary and special relief to which the plaintiff is entitled."

Blair's Fourth Cause of Action for defamation is a libel-per-quod claim and the Parties do not argue otherwise. *See McGee v. Simon & Schuster, Inc.*, 154 F. Supp. 2d 1308, 1312 (S.D. Ohio 2001). One element of an Ohio libel-per-quod claim requires pleading and proof of special damages. *Id.* at 1312.

Special damages are those which are the natural but not the necessary consequence of the act complained of. *Roberts v. Graham*, 73 U.S. 578, 579 (1867). Also, special damages are those beyond a stained reputation. *Id.* at 1315. They are "those direct financial losses resulting from the plaintiff's impaired reputation." *Id.* (citing *Hampton v. Dispatch Printing Co.*, No. 87AP-1084, 1988 WL 96227 at *2 (Ohio Ct. App. Sep. 13, 1988).

Rule 9(g) provides, "[i]f an item of special damages is claimed, it must be specifically stated." *See also Roberts v. Graham*, 73 U.S. 578, 579 (1867)(special damage must be particularly averred so that the defendant may be notified of the charge and come prepared to meet it); *Riley v. Dun & Bradstreet, Inc.*, 172 F.2d 303, 308 (6th Cir. 1949)("special damages must be pled with particularity so that the defendant may be able to contradict it if untrue").

In this case, Blair would have the Court conclude that, because he alleged that his ability to seek other employment was impacted by the defamation combined with his allegation that he was damaged by the defamation, he has pled special damages with the required specificity. However, Blair's Complaint makes no specific mention of special damages nor does it specify direct financial loss. It is merely an allegation that the alleged defamation affected his ability to seek another job and not that his impaired reputation actually resulted in a direct financial loss.

Blair's Complaint does specifically state an item of special damage and thus does not put a reasonable defendant on notice that he is seeking special damages as a result of the alleged defamation.

Blair argues that dismissal of a complaint because of the failure to use so-called "magic words" would be wholly contrary to the liberal pleading standards. Further, his allegations in his complaint make it clear that he suffered financially because of his inability to obtain other employment caused by the defamation. That is all that is required, according to Blair, under Civil Rules 8 and 9. In support, he cites *Michaels Building Co. v. Ameritrust Co.*, N.A., 848 F.2d 674, 679 (6th Cir. 1988).

This argument is unavailing for at least two reasons. First, the allegations in Blair's complaint, as set forth above, do not make it clear that he suffered financially let alone that he suffered financially because of his inability to obtain other employment. Second, the cite to *Michaels Building* is misleading at best. In *Michaels Building*, the Sixth Circuit was discussing Rule 9(b) regarding the pleading of fraud with particularity and not Rule 9(h) regarding specifically stating a claim for special damages. In addition, in *Michaels Building*, the Sixth Circuit "relaxed the requirements of Rule 9(b) because the special pleading required information that was only within the defendant's knowledge and that is not the case here. *Michaels Building*, 848 F.2d at 680.

Blair did not plead special damages as required by Rule 9(b) for an Ohio libel-per-quod claim. Strike One! The analysis next turns to discovery to determine if Defendants were put on notice of Blair's claim for special damages.

Blair argues that he testified at his deposition that, upon being wrongfully terminated and

-9-

defamed, he was "forced" to get two separate jobs. Further, even after he finally secured another position in law enforcement, nearly a year after his discharge, he was "forced" to keep his position at Home Depot in order to make ends meet. He also testified that he applied for a position with the Veteran's Administration Hospital Police Department in Cincinnati, but was turned down and that he even applied for several positions outside of law enforcement, but was turned down. "Clearly," according to Blair, the fact that he appeared to have been terminated because of a disciplinary issue made it more difficult for him to find similar employment elsewhere."

  A review of Blair's deposition leads the Court to surmise that Blair's counsel has attempted to reach its own legal conclusion based upon the deposition. Blair testified that he got two jobs after being terminated by Sugarcreek. (Deposition of Kelley E. Blair ("Blair Dep.) 13 Dec. 5, 2007.) According to Blair, he ended up getting hired at two places almost at the same time. (Id.) There is no testimony or indication that Blair was "forced" to get two jobs. Blair then quit one of the jobs, with DHL, when he was hired with the Warren County Sheriff's Office. (Id. 15.) He kept the other job with Home Depot and indicates that, "[t]hey pay pretty well for their associates then." (Id. 16.) Again, no testimony or indication that he was "forced" to get two jobs or that he was "forced to keep his position at Home Depot in order to make ends meet."

  Blair also discusses two other positions in law enforcement that he applied for and did not receive. One was with the Veteran's Administration. (Id. 24.) He was interviewed but was not offered a position and no reason was given. (Id.) The other was with the Sinclair Police Department. (Id. 25.) He was scheduled for an interview at Sinclair but the interview did not take place because he was hired by Warren County. (Id. 25-26.) There is no indication that Blair was

turned down for either of the jobs because he appeared to be terminated because of a disciplinary issue. In fact, Blair's testimony is that the employment process for the Sinclair job was terminated because he was hired by Warren County.

Another possibility is that Defendants were put on notice of Blair's special damages when the report of John F. Burke ("Burke"), Blair's expert, was provided to them. Blair's report is dated August 21, 2007, and Blair's deadline for providing this report was August 17, 2007. (See Doc. #13.) Although probably not in accordance with this Court's deadline, presumably Burke's expert report was provided to the Defendants sometime in August of 2007. (The Defendants have not been heard to complain that Blair's expert report was not timely provided.)

However, Burke's expert report makes no mention of special damages. It is entitled "Loss of Earning Capacity" and discusses the loss of future earning income. Further, neither Burke's Affidavit nor his report identify why there is a loss of earning income. Since other claims against the Defendants were pending which could result in loss-of-income damages, the Defendants had no reason to assume that Burke's report related to the loss of income was specifically due to the alleged defamation.

Rule 9(g) requires that, if an item of special damages is claimed, it must be specifically stated. Further, in the Entry and Order which Blair now wishes the Court to reconsider, this Court determined that, "In this case, Blair has not pled special damages nor has he identified any in response to the Defendants' Motion for Summary Judgment" and, "[h]owever, Blair has not pled nor presented evidence of special damages which he must do for libel *per quod*." (Doc. #40, p. 36-37.) Strike Two!

Blair has yet to show that he pled special damages or that Defendants were on notice that

he was pleading special damages. Therefore, Blair has not shown that there has been clear error or a manifest injustice and there is no good reason to grant his Motion for Reconsideration.

Hoping that the Court will look beyond the pleading requirement and consider what Blair now alleges are special damages, Blair argues that he could have presented evidence of special damages in response to the Defendants' Motion for Summary Judgment. Blair argues that he did not because the Defendants did not argue that he had not pleaded or provided evidence of special damages until their reply memorandum.

The relevant section of Defendants' Motion for Summary Judgment is entitled, "Plaintiffs' Defamation Claim Must Fail." The Defendants first identify Ohio law stating that a publication that is defamation per quod "is not actionable in the absence of pleading and proof of special damages" followed by the argument that, "entry of summary judgment in a defendant's favor is appropriate in a defamation action if it appears, upon the uncontroverted facts of record, that *any one* of the above critical elements of a defamation case cannot be established with convincing clarity." (Doc. #25, p. 15-16, the term "any one" is italicized in the original.) The Defendants next discuss several of the elements but nothing is said about special damages. The Defendants then conclude, "[t]hus, Plaintiff cannot establish the necessary elements to prove his claim of defamation and summary judgment should be granted." (Id. p. 19.)

Blair's argument that he could have presented evidence of special damages and that he did not because the Defendants did not argue that he had not pleaded or provided evidence of special damages until their reply memorandum fails for at least two reasons. First, Blair was on notice that he needed to identify any evidence that he had of special damages that were a result of the defamation by the statements in Defendants' Motion for Summary Judgment. Although

the Defendants did not specifically discuss special damages in detail, they did indicate that special damages were one of the elements of a defamation *per quod* claim and that Blair could not establish the necessary elements to prove his defamation claim.

Second, Blair arguably still has not presented evidence of special damages. He has presented evidence that discusses the loss of future earning income but he has presented no evidence that this loss is tied in any way to the alleged defamation. If defamation were the only claim and the loss of earning income was the only evidence of damages, perhaps it could be argued that Blair has identified evidence of special damages. However, in this case, Blair brought four causes of action, any of which could include loss-of-future-earning-income damages. Strike Three!

## SUMMARY

Although given ample reason by Blair's Counsel to not do so, in the interest of justice and of adjudicating claims on their merits, Blair's Motion for Reconsideration is considered. Defendants' Motion To Strike Blair's Motion for Reconsideration (Doc. #44) is OVERRULED.

On the Motion for Reconsideration, Blair's counsel has struck out. Blair has not pled special damages and is required to do so to satisfy an Ohio defamation *per quod* claim. Second, Blair has not timely put Defendants on notice that he is pleading special damages. Third, Blair was put on notice in Defendants' Motion for Summary Judgment that he needed to present evidence of special damages and failed to timely do so. Even if Blair's untimeliness is overlooked, he has yet to present evidence of special damages. Blair's Motion for Reconsideration (Doc. # 43) is OVERRULED.

**DONE and ORDERED** in Dayton, Ohio this Twenty-Second day of September, 2008.

                                                  **s/Thomas M. Rose**

                                         _____
                                             THOMAS M. ROSE
                                         UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record